IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                                                      ORDER

                Plaintiff,

                                                      11-cv-838-bbc

      v.

GOV. SCOTT WALKER, GARY H. HAMBLIN,
M.S. OLSEN, T. LE BRECK and W. BURNS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Willie C. Simpson, a prisoner at Wisconsin Secure Program Facility, brings this civil action for monetary and injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant state officials violated the Constitution's ex post facto clause when they eliminated his ability to be considered for parole by retroactively applying Wisconsin's truth-in-sentencing law. Under this law, plaintiff is no longer be eligible for parole because he received a felony sentence for sexual assault, whereas he would be under Wisconsin's previous sentencing regime. Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 and has made an initial partial payment as directed by the court under § 1915(b)(1).

      Because plaintiff is a prisoner proceeding in forma pauperis, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are

1

legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. §§ 1915 and 1915A.  Before the court could screen plaintiff's complaint, he filed an amended complaint, which he was entitled to do without leave of court under Fed. R. Civ. P. 15(a)(1)(A).  Accordingly, I will treat plaintiff's amended complaint as the operative pleading and disregard his original complaint.  Having reviewed the amended complaint, I conclude that his claims are barred under Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff seeks an injunction ordering the state to initiate parole proceedings, but he cannot ask for that relief in a § 1983 action.  A petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."  Heck, 512 U.S. at 481 (citing Preiser, 411 U.S. at 488-90).  Plaintiff asks also for punitive damages for defendants' violation of the ex post facto clause, but he cannot sue for damages unless he first convinces this court or a state court that he is in custody in violation of his constitutional rights.  Heck, 512 U.S. at 486–87.

Finally, plaintiff alleges in cursory fashion that several Wisconsin Secure Program Facility prison guards are attempting to kill him by "pumping toxic chemical gas agents" into his cell.  Plaintiff does not name these guards as defendants in the case.  In addition, examination of court records shows that he has filed a separate case, 11-cv-851-bbc, in which he has made the same

allegations. Accordingly, I will not consider these allegations in this case.

ORDER

IT IS ORDERED that

1. This case is DISMISSED as barred under <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

2. Plaintiff is obligated to pay the unpaid balance of his filing fees in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under <u>Lucien v. DeTella</u>, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fees have been paid in full.

3. Because plaintiff has failed to state a claim upon which relief may be granted, a strike will be recorded against him in accordance with 28 U.S.C. § 1915(g). This is plaintiff's third strike, which means that he will no longer be allowed to proceed in civil actions <u>in forma pauperis</u> unless he properly alleges that he is in imminent danger of serious physical injury.

Entered this 5th day of March, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge