IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

WILLIE SIMPSON,

       Plaintiff,

  v.

GOV. SCOTT WALKER, GARY H. HAMBLIN,
M.S. OLSEN, T. LE BRECK, W. BURNS,

       Defendants.

PRELIMINARY PRETRIAL
CONFERENCE ORDER

11-cv-838-bbc

_____

   This court held a recorded telephonic preliminary pretrial conference on August 9, 2012. Plaintiff Willie Simpson, who is representing himself, declined to participate in the telephonic conference. Defendants appeared by Wisconsin Assistant Attorney General Abigail C. S. Potts.

   Due to the nature of Simpson's claim and the current posture of this lawsuit, only limited scheduling is necessary. The court has granted Simpson leave to proceed on his claim that the State has violated his rights under the Ex Post Facto Clause of the United States Constitution by applying retroactively to him Wisconsin's truth-in-sentencing law, which has eliminated the possibility that Simpson may be considered for parole. *See* dkt. 18. On July 20, 2012, Simpson filed a motion for a preliminary injunction along with supporting documents. *See* dkts. 23-25. On August 7, 2012, the defendants filed their opposition, dkts. 26-29. The court is not allowing a reply from Simpson, *see* July 20, 2012 unnumbered docket entry.

   AAG Potts predicts that the court's decision on Simpson's motion for a preliminary injunction will resolve this lawsuit. This seems to be an accurate prediction, but in the event this is not the case, then the parties may have 30 days after the court enters its order regarding injunctive relief within which to file a motion for summary judgment, with responses due 30 days after the motions are filed and replies due 14 days after the responses are filed. In the event

that either side believes it needs discovery to file or respond to a summary judgment motion, then that party must promptly[1] file a motion for leave to take discovery, accompanied by an affidavit or declaration that, for specified reasons, it needs discovery to obtain and present facts essential to justify that party's motion or opposition. Absent leave of court, no party may take discovery in this case. A copy of this court's summary judgment procedure is attached to this order.

In the event that this case is not resolved by summary judgment motions, then the court will set a telephonic scheduling conference to calendar additional proceedings.

Entered this 9th day of August, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

---

[1] that is, as soon as possible but not later than one week before the applicable submission deadline.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR SUMMARY JUDGMENT

## I.  MOTION FOR SUMMARY JUDGMENT

A.     Contents:

    1.     A motion, together with such materials permitted by Rule 56(e) as the moving party may wish to serve and file; and

    2.     In a separate document, a statement of proposed findings of fact or a stipulation of fact between or among the parties to the action, or both; and

    3.     Evidentiary materials (see I.C.); and

    4.     A supporting brief.


B.     Rules Regarding Proposed Findings of Fact:

    1.     Each fact must be proposed in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition.

    2.     Each factual proposition must be followed by a reference to evidence supporting the proposed fact. The citation must make it clear where in the record the evidence is located. If a party is citing an affidavit of a witness who has submitted multiple affidavits or the deposition of a witness who has been deposed multiple times, that party should include the date the cited document was filed with the court. For example,

> 1. Plaintiff Smith bought six Holstein calves on July 11, 2006. Harold Smith Affidavit, filed Jan. 6, 2007, p.1, ¶ 3.

    3.     The statement of proposed findings of fact shall include ALL factual propositions the moving party considers necessary for judgment in the party's favor.  For example, the proposed findings shall include factual statements relating to jurisdiction, the identity of the parties, the dispute, and the context of the dispute.

    4.     The court will not consider facts contained only in a brief.

C.      Evidence

    1.    As noted in I.B. above, each proposed finding must be supported by admissible evidence.  The court will not search the record for evidence. To support a proposed fact, you may use:

        a.    Depositions.  Give the name of the witness, the date of the deposition, and page of the transcript of cited deposition testimony;

        b.    Answers to Interrogatories.  State the number of the interrogatory and the party answering it;

        c.    Admissions made pursuant to Fed. R. Civ. P. 36. (state the number of the requested admission and the identity of the parties to whom it was directed); or

        d.    Other Admissions.  The identity of the document, the number of the page, and paragraph of the document in which that admission is made.

        e.    Affidavits.  The page and paragraph number, the name of the affiant, and the date of the affidavit.  (Affidavits must be made by persons who have first hand knowledge and must show that the person making the affidavit is in a position to testify about those facts.)

        f.    Documentary evidence that is shown to be true and correct, either by an affidavit or by stipulation of the parties.  (State exhibit number, page and paragraph.)

## II.  RESPONSE TO MOTION FOR SUMMARY JUDGMENT

A.      Contents:

    1.    A response to the moving party's proposed finding of fact; and

    2.    A brief in opposition to the motion for summary judgment; and

    3.    Evidentiary materials (See I.C.)

B.     In addition to responding to the moving party's proposed facts, a responding party may propose its own findings of fact following the procedure in section I.B. and C. above.

    1.    A responding party should file additional proposed findings of fact if it needs them to defeat the motion for summary judgment.

2.     The purpose of additional proposed findings of fact is to SUPPLEMENT the moving party's proposed findings of fact, not to dispute any facts proposed by the moving party. They do not take the place of responses.  Even if the responding party files additional proposed findings of fact, it MUST file a separate response to the moving party's proposed findings of fact.

C.     Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed.

D.     Rules Regarding Responses to the Moving Party's Proposed Factual Statements:

1.     Answer each numbered fact proposed by the moving party in separate paragraphs, using the same number.

2.     If you dispute a proposed fact, state your version of the fact and refer to evidence that supports  that version.  For example,

Moving party proposes as a fact:

"1.  Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2006.  Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3."

Responding party responds:

"1.  Dispute.  The purchase Smith made from Dell's Dairy Farm on July 11, 2006 was for one Black Angus bull  John Dell Affidavit, Feb. 1, 2007,  Exh. A."

3.     The court prefers but does not require that the responding party repeat verbatim the moving party's proposed fact and then respond to it.  Using this format for the example above would lead to this response by the responding party:

"1.  *Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2006.  Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3.*

"**Dispute.** The purchase Smith made from Dell's Dairy Farm on July 11, 2006 was for one Black Angus bull."  John Dell Affidavit, Feb. 1, 2007,  Exh. A."

4.     When a responding party disputes a proposed finding of fact, the response must be limited to those facts necessary to raise a dispute. The court will disregard any new facts that are not directly responsive to the proposed fact.  If a responding party believes that more facts are necessary to tell its story, it should include them in its own proposed facts, as discussed in II.B.

E.    Evidence

    1.    Each fact proposed in disputing a moving party's proposed factual statement and all additional facts proposed by the responding party must be supported by admissible evidence.  The court will not search the record for evidence. To support a proposed fact, you may use evidence as described in Procedure I.C.1. a. through f.

    2.    The court will not consider any factual propositions made in response to the moving party's proposed facts that are not supported properly and sufficiently by admissible evidence.


## III.  REPLY BY MOVING PARTY

A.  Contents:

    1.    An answer to each numbered factual statement made by the responding party in response to the moving party's proposed findings of fact, together with references to evidentiary materials; <u>and</u>

    2.    An answer to each additional numbered factual statement proposed by the responding party under Procedure II.B., if any, together with references to evidentiary materials; <u>and</u>

    3.    A reply brief; <u>and</u>

    4.    Evidentiary materials (see I.C.)

B.    If the responding party has filed additional proposed findings of fact, the moving party should file its response to those proposed facts at the same time as its reply, following the procedure in section II.

C.    When the moving party answers the responding party's responses to the moving party's original proposed findings of fact, and answers the responding party's additional proposed findings of fact, the court prefers but does not require that the moving party repeat verbatim the entire sequence associated with each proposed finding of fact so that reply is a self-contained history of all proposed facts, responses and replies by all parties.


## IV.  SUR-REPLY BY RESPONDING PARTY

A responding party shall not file a sur-reply without first obtaining permission from the court.  The court only permits sur-replies in rare, unusual situations.