IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                                Plaintiff,

      v.

GOV. SCOTT WALKER, GARY H. HAMBLIN,
M.S. OLSEN, T. LE BRECK, and W. BURNS,

                                Defendants.

ORDER

11-cv-838-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Willie C. Simpson, an inmate at the Wisconsin Secure Program Facility, brought this civil complaint under 42 U.S.C. § 1983, alleging that defendant state officials violated the Constitution's ex post facto clause by retroactively applying Wisconsin's Truth-in-Sentencing law to his sentences for sexual assault of a child and thereby eliminating his parole eligibility. In a November 29, 2012 order, I denied plaintiff's motion for preliminary injunctive relief and sua sponte dismissed the case for plaintiff's failure to state a claim upon which relief may be granted. Judgment was entered on November 30, 2012.

      Plaintiff responded by filing a motion under Fed. R. Civ. P. 59 to alter or amend the judgment as well as a notice of appeal and motion for leave to proceed in forma pauperis on appeal. In his Rule 59 motion, plaintiff argued that it was not proper to dismiss the case because such action could be taken only if it was clear that no relief could be granted him under any set of facts consistent with his allegations.

1

In a January 10, 2013 order, I granted plaintiff's motion, stating that because I relied on materials outside the pleadings in dismissing the case, the order was more properly characterized as granting summary judgment to defendants, and plaintiff deserved a chance to respond to the materials submitted by defendants. Dkt. #49. I gave plaintiff until February 7, 2013 to submit his reply materials. Id. However, plaintiff never submitted those materials. This leaves the state of the record just as it was when the case was previously dismissed: the facts show that plaintiff cannot prevail on his claim. Now that plaintiff has been given his chance to reply to defendants but has failed to do so, I will grant summary judgment to defendants.

ORDER

IT IS ORDERED that

1. Summary judgment is granted to defendants Scott Walker, Gary Hamblin, M.S. Olsen, T. Le Breck and W. Burns.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Dated this 1st day of April, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge